FAGAN v. INTERURBAN ST. RY. CO. (two cases).

(Supreme Court, Appellate Term. November 30, 1903.)

1. PRACTICE—OBJECTIONS TO EVIDENCE—GROUNDS—PRAYER FOR INSTRUCTIONS.
    In an action for personal injuries, evidence as to the nervous condition
    of plaintiff at the time of an examination made by a physician being ad-
    missible to show plaintiff's general condition, though inadmissible as a
    basis of recovery, because not shown to have resulted from the accident,
    and not being specified in the complaint or bill of particulars, defendant's
    objection thereto should have been taken, not to its admission, but by a
    request for appropriate instructions.

2. SAME—ITEMS—PROOF.
    In an action for personal injuries to plaintiff's son, there could be no
    recovery for expenses alleged to have been incurred for the board, lodg-
    ing, and nursing of the son, where such expenses were not paid by plain-
    tiff, nor their reasonable value shown.

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

Separate actions tried as one—the first by John Fagan, by Peter
Fagan, his guardian ad litem, to recover damages for personal in-
juries sustained by said minor; and the second by Peter Fagan, to
recover for loss of services and expenses incurred by reason of such
injuries—against the Interurban Street Railway Company. From a
judgment for plaintiffs, defendant appeals. Judgment as to John
Fagan affirmed, and as to Peter Fagan reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and
BLANCHARD, JJ.

H. A. Robinson (J. Ralph Hilton and Wm. E. Weaver, of counsel),
for appellant.

Charles L. Bogle, for respondents.

BISCHOFF, J. The judgments appealed from are assailed upon
two grounds only: First, that the trial justice erroneously admitted
evidence of a nervous condition of the infant plaintiff, not specified
in the complaint or bill of particulars as among the injuries sustained
by him in the accident complained of; and, second, that the recovery
was in part for expenses alleged to have been incurred by the father,
for which no foundation was laid by showing their fair and reasonable
value. The first ground stated applies to both recoveries, but ob-
viously the second applies only to the father's recovery, since the con-
sideration of expenses in the infant plaintiff's action was, by appro-
priate instructions to the jury, carefully eliminated.

No gravity attaches to this first ground of error assigned, owing
to the conduct of the trial. Dr. Hillis, a witness called for the plain-
tiff, testified, under objection of defendant's counsel, to the result of
his examination of the boy, made at and some time after the acci-
dent; that the latter was suffering from some nervous disease.
Clearly, this referred to the general condition of the health of the
boy at the time, and the evidence so far was material in the first in-
stance. There was a total failure of proof that this nervous disease
resulted from, or was in any wise aggravated by, the injuries sus-

tained; and, indeed, such proof was inadmissible under the state of the pleadings, as affected by the bill of particulars. But evidence of the boy's actual condition of health being admissible, the defendant's objection to the consideration of such nervous disease as a basis of recovery should have been taken by a request for appropriate instructions to the jury. Since no such instructions were asked for, neither judgment appealed from is assailable for error upon the ground discussed.

The judgment in favor of Peter Fagan, the father, should be reversed. His recovery was unmistakably, in part, for expenses alleged to have been incurred for the board and lodging, as well as the nursing, of his son. Concededly, these expenses were not paid by him, nor was their fair and reasonable value even attempted to be shown. There was, therefore, no basis of any award for these items, and, despite the defendant's counsel's strenuous objection, the trial justice instructed the jury that allowance therefor by them should result if the negligence of the defendant's servant was found to have been the sole cause of the accident.

Judgment in favor of John Fagan affirmed, with costs. Judgment in favor of Peter Fagan reversed, with costs to the appellant to abide the event of new trial hereby ordered. All concur.